TIMOTHY B. SMITH (*Pro Hac Vice Application To Be Filed*)
Email: tsmith@parrbrown.com
R. JEREMY ADAMSON (Cal. Bar # 251380)
Email: jadamson@parrbrown.com
PARR BROWN GEE & LOVELESS
185 South State Street, Suite 800
Salt Lake City, Utah 84109
Telephone (801) 532-7840
Facsimile (801) 532-7750

Attorneys for Defendant JayBird Gear, LLC

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ONE-E-WAY, INC., <br><br> Plaintiff <br><br> vs. <br><br> PLANTRONICS, INC.; AUDIOVOX CORPORATION d/b/a ACOUSTIC RESEARCH; IMATION CORPORATION; HARMAN INTERNATIONAL INDUSTRIES, INC. d/b/a AKG; and JAYBIRD GEAR, LLC <br><br> Defendants. | Case No. 2:11-06673-PA (FMO) <br><br> Hon. Percy Anderson <br><br> **JAYBIRD GEAR, LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |

For its Answer to the First Amended Complaint ("Amended Complaint") of Plaintiff One-E-Way, Inc. ("One-E-Way"), Defendant JayBird Gear, LLC ("JayBird") through its undersigned attorneys, answers as follows:

## PARTIES

1. Responding to the allegations contained in Paragraph 1 of the Amended Complaint, JayBird is without knowledge as to the allegations contained in Paragraph 1 and on that basis denies generally and specifically each and every allegation contained in Paragraph 1 of the Amended Complaint.

2. Responding to the allegations contained in Paragraph 2 of the Amended Complaint, JayBird is without knowledge as to the allegations contained in Paragraph 2 and on that basis denies generally and specifically each and every allegation contained in Paragraph 2 of the Amended Complaint.

3. Responding to the allegations contained in Paragraph 3 of the Amended Complaint, JayBird is without knowledge as to the allegations contained in Paragraph 3 and on that basis denies generally and specifically each and every allegation contained in Paragraph 3 of the Amended Complaint.

4. Responding to the allegations contained in Paragraph 4 of the Amended Complaint, JayBird is without knowledge as to the allegations contained in Paragraph 4 and on that basis denies generally and specifically each and every allegation contained in Paragraph 4 of the Amended Complaint.

5. Responding to the allegations contained in Paragraph 5 of the Amended Complaint, JayBird is without knowledge as to the allegations contained in Paragraph 5 and on that basis denies generally and specifically each and every allegation contained in Paragraph 5 of the Amended Complaint.

6. Responding to the allegations contained in Paragraph 6 of the Amended Complaint, JayBird admits that it is a limited liability company organized under the laws of the State of Utah and denies generally and specifically each and every remaining allegation contained in Paragraph 6 of the Amended Complaint.

## JURISDICTION AND VENUE

7. Responding to the allegations contained in Paragraph 7 of the Amended Complaint, JayBird admits that this is a case arising under the Patent Laws of the United States and denies generally and specifically each and every remaining allegation contained in Paragraph 7 of the Amended Complaint.

8. Responding to the allegations contained in Paragraph 8 of the Amended Complaint, JayBird admits that this is a case arising under the Patent Laws of the United States and that the Court has subject matter jurisdiction over such claims and denies generally and specifically each and every remaining allegation contained in Paragraph 8 of the Amended Complaint.

9. Responding to the allegations contained in Paragraph 9 of the Amended Complaint, JayBird affirmatively states that Paragraph 9 contains legal conclusions and no response is required. To the extent a response is required, JayBird denies generally and specifically each and every allegation contained in Paragraph 9 of the Amended Complaint.

## OPERATIVE FACTS

10. Responding to the allegations contained in Paragraph 10 of the Amended Complaint, JayBird states that the document U.S. Pat. No. 7,865,258 ("'258 patent") speaks for itself and is without knowledge as to the remaining allegations contained in Paragraph 14 and on that basis denies generally and specifically each and every remaining allegation contained in Paragraph 14 of the Amended Complaint.

11. Responding to the allegations contained in Paragraph 11 of the Amended Complaint, JayBird is without knowledge as to the allegations contained in Paragraph 11 and on that basis denies generally and specifically each and every allegation contained in Paragraph 11 of the Amended Complaint.

12. Responding to the allegations contained in Paragraph 12 of the Amended Complaint, JayBird is without knowledge as to the allegations contained in Paragraph 12 and on that basis denies generally and specifically each and every allegation contained in Paragraph 12 of the Amended Complaint.

13. Responding to the allegations contained in Paragraph 13 of the Amended Complaint, JayBird is without knowledge as to the allegations contained in Paragraph 13 and on that basis denies generally and specifically each and every allegation contained in Paragraph 13 of the Amended Complaint.

14. Responding to the allegations contained in Paragraph 14 of the Amended Complaint, JayBird is without knowledge as to the allegations contained in Paragraph 14

and on that basis denies generally and specifically each and every allegation contained in Paragraph 14 of the Amended Complaint.

## FIRST CAUSE OF ACTION

15. JayBird incorporates herein by this reference each and every one of its responses to Paragraphs 1 thru 14 above.

16. Responding to the allegations contained in Paragraph 16 of the Amended Complaint and to the extent that the allegations contained in Paragraph 16 are directed to JayBird, JayBird denies generally and specifically each and every allegation contained in Paragraph 16 of the Amended Complaint.

17. Responding to the allegations contained in Paragraph 17 of the Amended Complaint, JayBird is without knowledge as to the allegations contained in Paragraph 17 and on that basis denies generally and specifically each and every allegation contained in Paragraph 17 of the Amended Complaint.

18. Responding to the allegations contained in Paragraph 18 of the Amended Complaint, JayBird is without knowledge as to the allegations contained in Paragraph 18 and on that basis denies generally and specifically each and every allegation contained in Paragraph 18 of the Amended Complaint.

19. Responding to the allegations contained in Paragraph 19 of the Amended Complaint, JayBird is without knowledge as to the allegations contained in Paragraph 19 and on that basis denies generally and specifically each and every allegation contained in Paragraph 19 of the Amended Complaint.

20. Responding to the allegations contained in Paragraph 20 of the Amended Complaint, JayBird is without knowledge as to the allegations contained in Paragraph 20 and on that basis denies generally and specifically each and every allegation contained in Paragraph 20 of the Amended Complaint.

21. Responding to the allegations contained in Paragraph 21 of the Amended Complaint, JayBird denies generally and specifically each and every allegation contained in Paragraph 21 of the Amended Complaint.

22. Responding to the allegations contained in Paragraph 22 of the Amended Complaint and to the extent that the allegations contained in Paragraph 22 are directed to JayBird, JayBird denies generally and specifically each and every allegation contained in Paragraph 22 of the Amended Complaint. JayBird is without knowledge as to the remaining allegations contained in Paragraph 22 and on that basis denies generally and specifically each and every allegation contained in Paragraph 22 of the Amended Complaint.

23. Responding to the allegations contained in Paragraph 23 of the Amended Complaint, JayBird affirmatively states that Paragraph 23 contains legal conclusions and no response is required. To the extent a response is required, JayBird denies generally and specifically each and every allegation contained in Paragraph 23 of the Amended Complaint.

24. Responding to the allegations contained in Paragraph 24 of the Amended Complaint and to the extent that the allegations contained in Paragraph 24 are directed to

JayBird, JayBird denies generally and specifically each and every allegation contained in Paragraph 24 of the Amended Complaint. JayBird is without knowledge as to the remaining allegations contained in Paragraph 24 and on that basis denies generally and specifically each and every allegation contained in Paragraph 24 of the Amended Complaint.

25. Responding to the allegations contained in Paragraph 25 of the Amended Complaint and to the extent that the allegations contained in Paragraph 25 are directed to JayBird, JayBird denies generally and specifically each and every allegation contained in Paragraph 25 of the Amended Complaint. JayBird is without knowledge as to the remaining allegations contained in Paragraph 25 and on that basis denies generally and specifically each and every allegation contained in Paragraph 25 of the Amended Complaint.

26. Responding to the allegations contained in Paragraph 26 of the Amended Complaint and to the extent that the allegations contained in Paragraph 26 are directed to JayBird, JayBird denies generally and specifically each and every allegation contained in Paragraph 26 of the Amended Complaint. JayBird is without knowledge as to the remaining allegations contained in Paragraph 26 and on that basis denies generally and specifically each and every allegation contained in Paragraph 26 of the Amended Complaint.

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Except as expressly admitted hereinabove, JayBird denies generally and specifically each and every allegation set forth in the Amended Complaint.

## SECOND AFFIRMATIVE DEFENSE

One-E-Way's claims are barred in whole or in part because the claims of the '258 Patent are invalid under 35 U.S.C. §§101, 102, 103, and 111.

## THIRD AFFIRMATIVE DEFENSE

The '258 Patent is unenforceable because of One-E-Way's failure to disclose all non-cumulative, material prior art of which it was aware to the U.S. Patent Office during the prosecution of the '258 Patent.

## FOURTH AFFIRMATIVE DEFENSE

One-E-Way's claims are barred in whole or in part because of One-E-Way's misuse of the '258 Patent.

## FIFTH AFFIRMATIVE DEFENSE

Some or all of One-E-Way's alleged claims asserted in the Amended Complaint are barred by the doctrines of waiver, estoppel and/or laches.

## SIXTH AFFIRMATIVE DEFENSE

Some or all of One-E-Way's alleged claims are barred by their failure to mitigate any alleged damages.

## SEVENTH AFFIRMATIVE DEFENSE

Some or all of One-E-Way's alleged claims are barred by the applicable statutes of limitations and/or statutes of repose.

## EIGHTH AFFIRMATIVE DEFENSE

Some or all of One-E-Way's alleged claims are barred by the doctrine of accord and satisfaction.

## NINTH AFFIRMATIVE DEFENSE

Some or all of One-E-Way's claims are barred because One-E-Way's own acts or omissions were the sole proximate cause, or substantial proximate cause, of their damage.

## TENTH AFFIRMATIVE DEFENSE

Some or all of the conduct of which One-E-Way complains is privileged.

## ELEVENTH AFFIRMATIVE DEFENSE

Some or all of One-E-Way's alleged claims are barred by the doctrine of unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE

Some or all of One-E-Way's alleged claims are barred because the damages complained of, if any, were proximately caused by acts or omissions, negligence, or intentional acts by third parties over whom JayBird had no control or right of control, or if JayBird had any right of control, were acting beyond the scope of any relationship with JayBird, or such damages were caused by conditions or events over which JayBird had no control or right of control.

JAYBIRD GEAR, LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

## **PRAYER FOR RELIEF**

WHEREFORE, having fully answered the Amended Complaint, JayBird prays for judgment against One-E-Way and in favor of JayBird as follows:

(1) Denying One-E-Way any relief whatsoever on its claims and dismissing One-E-Way's Amended Complaint with prejudice;

(2) Declaring that U.S. Patent No. 7,865,258 is not infringed and/or is invalid;

(3) Declaring that U.S. Patent No. 7,865,258 is unenforceable due to inequitable conduct;

(4) Awarding JayBird its attorneys fees and costs incurred in defending this lawsuit; and

(5) For such other and further relief as the Court deems appropriate.


Dated: November 10, 2011        PARR BROWN GEE & LOVELESS


By: /s/ R. Jeremy Adamson
R. JEREMY ADAMSON
Attorneys for Defendant
JayBird Gear, LLC


Timothy B. Smith (*Pro Hac Vice Application To Be Filed*)
R. Jeremy Adamson (Cal. Bar # 251380)
PARR BROWN GEE & LOVELESS
185 South State Street, Suite 800
Salt Lake City, Utah 84109
Telephone (801) 532-7840
Facsimile (801) 532-7750

JAYBIRD GEAR, LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing JayBird Gear, LLC's Answer to Plaintiff's First Amended Complaint was served on counsel of record via ECF Notice of Electronic Filing in accordance with the Federal Rules of Civil Procedure and Local Rule 5-3.3.

/s/ R. Jeremy Adamson
R. JEREMY ADAMSON

R. Jeremy Adamson (Cal. Bar #251380)
PARR BROWN GEE & LOVELESS
185 South State Street, Suite 800
Salt Lake City, Utah 84111
Telephone: (801) 532-7840
Facsimile: (801) 532-7750

JAYBIRD GEAR, LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT