SEND

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6673 PA (FMOx) | Date | January 4, 2012 |
|---|---|---|---|
| Title | One-E-Way, Inc. v. Plantronics, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Paul Songco | None | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** ORDER TO SHOW CAUSE

  The Court is in receipt of the First Amended Complaint ("FAC") filed by plaintiff One-E-Way, Inc. ("Plaintiff"), the owner of a patent for the "Wireless Digital Audio System." Plaintiff has sued defendants Plantronics, Inc., Audiovox Corp., Imation Corp., Harman International Industries, and JayBird Gear, LLC ("Defendants") for patent infringement. Plaintiff alleges that Defendants manufacture and sell various wireless digital audio products that infringe various claims of its patent.

  Federal Rule of Civil Procedure 20(a)(2), which allows for permissive joinder, provides that "[p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." See also League to Save Lake Tahoe v. Tahoe Regional Planning Agency, 558 F.2d 914, 917 (9th Cir. 1977). "The first prong, the 'same transaction' requirement, refers to similarity in the factual background of a claim." Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997).

  Based on the factual allegations in the Complaint, it does not appear that Plaintiff's claims against Defendants arise out of the same transaction or occurrence, given that each defendant seems to independently manufacture and sell different devices that allegedly infringe on the patented invention. The Court therefore orders Plaintiff to show cause in writing, no later than January 16, 2012, why one or more parties should not be dropped from this case for improper joinder. See Fed. R. Civ. P. 18, 20, 21; see also Coughlin,130 F.3d at 1351 (finding misjoinder where "[e]ach claim raises potentially different issues, and must be viewed in a separate and individual light by the Court"). The Scheduling Conference, previously calendared for January 9, 2012 at 10:30 a.m., is continued to 10:30 a.m. on January 23, 2012.

  In response to this Order to Show Cause, Plaintiff may, if it so chooses, file separate actions against Defendants, with new complaints and filing fees.

  IT IS SO ORDERED.