**SEND**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6673 PA (FMOx) | Date | January 19, 2012 |
|---|---|---|---|
| Title | One-E-Way, Inc. v. Plantronics, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | None | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   ORDER TO SHOW CAUSE

The Court is in receipt of Plaintiff One-E-Way, Inc.'s ("Plaintiff") Response to the Court's Order to Show Cause dated January 4, 2011. The Court ordered Plaintiff to show cause whether one or more defendants should not be dropped from this action for improper joinder. Plaintiff has sued defendants Plantronics, Inc., Audiovox Corp., Imation Corp., Harman International Industries, and JayBird Gear, LLC ("Defendants") for patent infringement. Plaintiff alleges that Defendants manufacture and sell various wireless digital audio products that infringe various claims of its patent.

Federal Rule of Civil Procedure 20(a), which allows for permissive joinder, provides:

> (2) Defendants. Persons . . . may be joined in one action as defendants if:
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. Proc. 20(a); see also League to Save Lake Tahoe v. Tahoe Regional Planning Agency, 558 F.2d 914, 917 (9th Cir. 1977).

"The first prong, the 'same transaction' requirement, refers to similarity in the factual background of a claim." Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997). Thus, proper joinder under Rule 20 requires that the "parties must assert rights, or have rights asserted against them, that arise from related activities—a transaction or an occurrence or a series thereof." Coal. for a Sustainable Delta v. U.S. Fish & Wildlife Serv., 2009 U.S. Dist. LEXIS 111743, at *2 (E.D. Cal. Nov. 17, 2009) (citation omitted).

"[A]llegations against multiple and unrelated defendants for acts of patent, trademark, and

SEND

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6673 PA (FMOx) | Date | January 19, 2012 |
|---|---|---|---|
| Title | One-E-Way, Inc. v. Plantronics, Inc., et al. | | |

copyright infringement do not support joinder under Rule 20(a)." Golden Scorpio Corp. v. Steel Horse Bar & Grill, 596 F. Supp. 2d 1282, 1285 (D. Ariz. 2009); see also Pergo, Inc. v. Alloc, Inc., 262 F. Supp. 2d 122, 128 (S.D.N.Y. 2003) ("[T]he fact that two parties may manufacture or sell similar products, and that these sales or production may have infringed the identical patent owned by the plaintiffs is not sufficient to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a)."); Androphy v. Smith & Nephew, Inc., 31 F. Supp. 2d 620, 623 (N.D. Ill. 1998) ("Here, Stryker and Howmedica are separate companies that independently design, manufacture and sell different products in competition with each other. Clearly, the common transaction requirement has not been met as to the claims against Stryker and Howmedica.").

Plaintiff brings claims of patent infringement against manufacturers of competing digital wireless audio products. Plaintiff's Response contends that each claim arises from the same transaction or occurrence because the products use the same or similar infringing technologies. For example, both defendant Plantronics, Inc. and defendant JayBird, LLC allegedly incorporate "Bluetooth v. 2.1" into their products, and it is that component technology that allegedly infringes Plaintiff's patent. (See Resp. at 3.) Nonetheless, "the complaint [or Response] contains no allegations that defendants have engaged in related activities or have otherwise acted in concert." Ho Keung, TSE v. Ebay, Inc., 2011 U.S. Dist. LEXIS 59675, at *2 (N.D. Cal. June 2, 2011) (holding joinder to be improper where multiple websites allegedly infringed plaintiff's patent and plaintiff had "identified a common method of proof by describing alleged similarities among the features of the accused websites"). The fact that some of the products incorporate the same wireless technology does not alter the fact that Plaintiff brings suit against unrelated defendants for independent acts of infringement. See Cadence Design Sys. v. OEA Int'l, Inc., 2011 U.S. Dist. LEXIS 106739, at *4 (N.D. Cal. Sept. 19, 2011) (quoting Colt Dej LLC v. Heckler & Koch Dej, Inc., 2004 U.S. Dist. LEXIS 28690, at *13 (E.D. Va. Oct. 22, 2004) ("'[T]he overwhelming authority from other jurisdictions indicates that allegations against multiple and unrelated defendants for independent acts of infringement [of the same patent] do not set forth claims arising from the same transaction or occurrence within the meaning of Rule 20(a).'"); Interval Licensing LLC v. AOL, Inc., 2011 U.S. Dist. LEXIS 51195, at *10 (W.D. Wash. Apr. 29, 2011) (finding joinder improper where "Defendants are accused of infringing the patents in similar ways, but not as part of the same transaction or occurrence or series of transactions or occurrences").

The Court therefore concludes that Plaintiff has misjoined defendants in this action. Pursuant to Federal Rule of Civil Procedure 21, "[m]isjoinder of parties is not ground for dismissal of an action." Instead, "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately." Fed. R. Civ. P. 21. Where there is a misjoinder, "the court can generally dismiss all but the first named [defendant] without prejudice to the institution of new, separate lawsuits [against] the dropped [defendants]." Coughlin, 130 F.3d at 1350. Accordingly, defendants

**SEND**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6673 PA (FMOx) | Date | January 19, 2012 |
|---|---|---|---|
| Title | One-E-Way, Inc. v. Plantronics, Inc., et al. | | |

Audiovox Corp., Imation Corp., Harman International Industries, and JayBird Gear, LLC are hereby dropped from this action without prejudice as to Plaintiff's ability to refile its actions against them individually.

 Plaintiff requests that instead of dropping parties for misjoinder, the Court sever and consolidate the cases for various pre-trial purposes pursuant to Federal Rule of Civil Procedure 42(a).  The defendants – who may have competing interests and strategies – also are entitled to present individualized assaults on questions of non-infringement,  invalidity, and claim construction.  Cf. Nasalok Coating Corp. v. Nylok Corp., 522 F.3d 1320, 1326 (Fed. Cir. 2008) ("[W]e have explicitly held that a determination of patent infringement in an infringement suit, or even an explicit determination of patent validity, does not preclude the assertion of an invalidity defense in a second action involving different products."); Texas Instruments, Inc. v. Linear Techs. Corp., 182 F. Supp. 2d 580, 586 (E.D. Tex. 2002) (recognizing that "defendants in a later proceeding involving previously construed patents should have the opportunity to brief and argue the issue of claim construction, notwithstanding any policy in favor of judicial uniformity").  Thus, the Court declines to sever and consolidate the cases.

 IT IS SO ORDERED.